IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01888–KMT

THOMAS GILL,

    Plaintiff,

v.

CREDIT BUREAU OF CARBON COUNTY d/b/a COLLECTIONCENTER, INC.,

    Defendant.

## ORDER

This matter is before the court on Plaintiff Thomas Gill's Motion for Partial Summary Judgment. (Doc. No. 13, filed Dec. 31, 2015.) For the following reasons, Plaintiff's Motion for Partial Summary Judgment is GRANTED.

**PROCEDURAL HISTORY**

On July 8, 2014, Plaintiff initiated this action by filing his Complaint. (*See* Compl.) Plaintiff's Complaint features one claim for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (*Id.* at 4-6.) Defendant Credit Bureau of Carbon County d/b/a CollectionCenter, Inc., filed its Answer on July 30, 2014. (*See* Answer.)

Plaintiff filed his Motion for Partial Summary Judgment on December 31, 2014. (*See* Mot.) Although Plaintiff does not explicitly state as much in his Motion, he appears to seek summary judgment only as to issue of liability. Defendant filed its Response on January 25,

2015 (Doc. No. 17) and Plaintiff filed his Reply on February 13, 2015 (Doc. No. 29). Accordingly, this matter is ripe for the court's review and ruling.

## STATEMENT OF FACTS

At some unspecified time, Plaintiff incurred a debt ("the Debt") arising out of his receipt of medical services at Poudre Valley Hospital (PVH). (Compl. ¶ 13; Answer ¶ 13.) On September 23, 2013, the Debt was assigned to Defendant by the original creditor after it went into default. (Compl. ¶ 14; Answer ¶ 14; Mot., Ex. 1 at 3.) The Debt consisted of two separate accounts owed to PVH—one account with a principal balance of $141.66 and a second account with a principal balance of $1565.50. (Mot., Ex. 1 at 3-4.)

Prior to assigning these accounts, the original creditor did not attempt to collect any interest. (*See id.*) However, upon being assigned the Debt, Defendant began charging interest. (*Id.*)

On October 24, 2014, Defendant sent Plaintiff two letters (the "Letters") attempting to collect the Debt. (Mot., Ex. 2.) The first letter, which pertained to the first account, stated that the "Total Due" was $142.50. (*Id.* at 1.) The second letter, which pertained to the second account, stated that the "Total Due" was $1576.14. (*Id.*) Although the totals due necessarily included accrued interest because they exceeded the principal balances of the accounts, the Letters did not state that the "Total[s] Due" included accrued interest. (*Id.*) The Letters also did not state that interest continued to accrue on the accounts. (*Id.*) Finally, the Letters did not state that Plaintiff may be liable for attorney fees. (*Id.*)

In January 2014, Defendant filed a state court action against Plaintiff based on his failure to pay the Debt. (*See* Resp., Ex. C.) Defendant subsequently moved for default judgment

against Plaintiff on February 28, 2014. (*See id.*; Mot., Ex. 1 at 5.) On March 3, 2014, the state court granted Defendant's motion for default judgment and entered judgment in the amount of $2254.63. (Resp., Ex. C; Mot., Ex. 1 at 7.) The judgment included $1707.16 in principal, $58.62 in interest, $350.00 in attorney fees, and $138.85 in court costs. (Mot., Ex. 1 at 7.)

## LEGAL STANDARD

### A. *Summary Judgment Standard*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

### B.     FDCPA and Least Sophisticated Consumer Standard

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Act provides a civil cause of action against any debt collector who fails to comply with its requirements. *See* 15 U.S.C. § 1692k(a). In addition, the FDCPA does not typically require a plaintiff to prove that a debt collector acted intentionally when it violated the act and, as a result, it is often described by courts as a strict liability statute. *Johnson v. Riddle*, 305 F.3d 1107, 1122 n. 15 (10th Cir. 2002) (listing cases); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

> The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d. Second, a "debt collector may not use any false, deceptive, or

4

misleading representation or means in connection with the collection of any debt." § 1692e. Third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." § 1692f.

*Riddle*, 305 F.3d at 1117.

To establish a violation of the FDCPA, Plaintiff must show that (1) he is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the Debt arises out of a transaction entered into primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(6); (3) Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and Defendant, through its acts or omissions, violated a provision of the FDCPA. There is no dispute that Plaintiff is a consumer, the Debt qualifies as a debt under the FDCPA, and Defendant is a debt collector under the FDCPA. Thus, to prevail, Plaintiff need only show that Defendant violated a provision of the FDCPA.

In his Complaint, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692e and 1692g of the FDCPA. When deciding such claims, courts have used a "least sophisticated consumer" standard to determine whether a debt collector's representations were false, deceptive, misleading, unfair, or unconscionable. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) (listing cases). The least sophisticated consumer standard ensures protection to all "consumers, even the naïve and the trusting, against deceptive debt collection practices, and . . . protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* at 1320. At least five courts of appeal have applied the least sophisticated standard to alleged violations of § 1692e and § 1692f. *See, e.g., LeBlanc*, 601 F.3d at 1194; *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 1002 (3d Cir. 2011); *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 612 (6th Cir. 2009); *Donohue v. Quick Collect*, Inc., 592 F.3d

1027, 1033 (9th Cir. 2010); *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 774 (7th Cir. 2007) (using the "unsophisticated consumer" standard).

The Tenth Circuit has not expressly adopted this standard, but it has, in an unpublished opinion, "applied an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector." *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (internal quotation marks omitted); *see also Fouts v. Express Recovery Servs., Inc.,* ---, F. App'x ----, 2015 WL 427425, at *3 (10th Cir. Feb, 3, 2015) (briefly discussing the "least sophisticated consumer" standard). Accordingly, because the FDCPA is a remedial statute that "should be construed liberally in favor of the consumer," *Riddle*, 305 F.3d at 1117, the court will apply the least sophisticated consumer standard to Plaintiff's claim.

As an additional matter, the court notes that the material facts in this case are undisputed—Plaintiff's claims are premised entirely on whether the Letters meet the requirements of sections 1692e and 1692g of the FDCPA. Neither party has addressed the issue of whether the court may resolve claims under sections 1692e and 1692g as a matter of law where the underlying facts are not in dispute, or whether such claims are the province of the jury.[1] "For claims alleging violations of section 1692g, the majority of courts that have considered this issue have determined that [whether a collection letter would mislead the least sophisticated

---

[1] Defendant does argue that summary judgment is improper because Plaintiff "has failed to produce any extrinsic evidence, such as a survey, which would demonstrate that the statement concerning the amount due, which is clear on its face, is actual [sic] unclear or deceptive." (Resp. at 13 (citing *Taylor v. Cavalry Inv., L.L.C.,* 365 F.3d 572, 575 (7th Cir. 2004)). However, this argument falls short of directly confronting the issue of whether a communication's compliance or non-compliance with sections 1692e and 1692g is a matter of law for the court to decide or, alternatively, a question of fact for the jury.


1027, 1033 (9th Cir. 2010); *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 774 (7th Cir. 2007) (using the "unsophisticated consumer" standard).

The Tenth Circuit has not expressly adopted this standard, but it has, in an unpublished opinion, "applied an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector." *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (internal quotation marks omitted); *see also Fouts v. Express Recovery Servs., Inc.,* ---, F. App'x ----, 2015 WL 427425, at *3 (10th Cir. Feb, 3, 2015) (briefly discussing the "least sophisticated consumer" standard). Accordingly, because the FDCPA is a remedial statute that "should be construed liberally in favor of the consumer," *Riddle*, 305 F.3d at 1117, the court will apply the least sophisticated consumer standard to Plaintiff's claim.

As an additional matter, the court notes that the material facts in this case are undisputed—Plaintiff's claims are premised entirely on whether the Letters meet the requirements of sections 1692e and 1692g of the FDCPA. Neither party has addressed the issue of whether the court may resolve claims under sections 1692e and 1692g as a matter of law where the underlying facts are not in dispute, or whether such claims are the province of the jury.[1] "For claims alleging violations of section 1692g, the majority of courts that have considered this issue have determined that [whether a collection letter would mislead the least sophisticated

---

[1] Defendant does argue that summary judgment is improper because Plaintiff "has failed to produce any extrinsic evidence, such as a survey, which would demonstrate that the statement concerning the amount due, which is clear on its face, is actual [sic] unclear or deceptive." (Resp. at 13 (citing *Taylor v. Cavalry Inv., L.L.C.,* 365 F.3d 572, 575 (7th Cir. 2004)). However, this argument falls short of directly confronting the issue of whether a communication's compliance or non-compliance with sections 1692e and 1692g is a matter of law for the court to decide or, alternatively, a question of fact for the jury.

consumer] is a question of law for the court to decide." *Kalebaugh v. Berman & Rabin, P.A.,* 43 F. Supp. 3d 1215, 1222 (D. Kan. 2014) (collecting cases).

A closer question is whether claims arising under section 1692e may be resolved as a matter of law where the underlying facts are not in dispute. "[T]he Second, Fourth, and Ninth Circuits have determined that the question whether a communication is false and deceptive in violation of section 1692e is a question of law for the Court." *Kalebaugh,* 43 F. Supp. 3d at 1222 (collecting cases). However, "the Fifth, Sixth, Seventh, and Eleventh Circuits have come to the opposite conclusion, finding that this determination is a question of fact for the jury." *Id.* (collecting cases). Nevertheless, "even the courts adopting [the latter] view have explained that not all cases require a jury trial if material facts are not disputed and the court is able to decide the case as a matter of law based on the language of the collection letter." *Id.* (citing *Kuehn v. Cadle Co., Inc.,* 335 F. App'x 827, 830 (11th Cir. 2009); *Evory v. RJM Acquisitions Funding L.L.C.,* 505 F.3d 769, 776 (7th Cir. 2007)).

Here, as already mentioned, the material facts in this case are not disputed and Plaintiff's section 1692e and 1692g claims only require a review of the Letters to determine whether they violate, or alternatively, satisfy sections 1692e and 1692g. Because the parties have not directly addressed this issue, the court follows *Kalebaugh* and finds that it may determine whether the Letter violated sections 1692e and 1692g as a matter of law. *See Kalebaugh,* 43 F. Supp. 3d at 1223 (concluding that the Tenth Circuit would find that claims under both section 1692g and 1692e may be resolved as a matter of law where the underlying material facts are not otherwise disputed).

## ANALYSIS

Plaintiff argues that Defendant violated section 1692g of the FDCPA by failing to accurately disclose the amount of the Debt in the Letters. Specifically, Plaintiff argues that by stating the Debt only in terms of a "Total Due" in the two Letters, without mentioning that the

Debt continued to accrue interest,[2] Defendant failed to correctly disclose the amount of the Debt. Plaintiff also argues that this shortcoming violated section 1692e, including section 1692e(2)(A)'s prohibition on falsely representing the amount and character of a debt and § 1692e(10)'s prohibition on using any false or deceptive representations in connection with collecting a debt.

Section 1692g(a)(1) of the FDCPA provides that in either its initial communication with a consumer regarding the collection of a debt, or no later than five days thereafter, a debt collector shall send the consumer a written notice containing, *inter alia*, "the amount of the debt." 15 U.S.C. § 1692g(a)(1). Further, the FDCPA specifically prohibits false representations about the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

The Tenth Circuit has not specified the precise information a debt collector must provide to satisfy the requirements of the FDCPA when stating the "amount of the debt." However, other courts have directly addressed this question.

The leading case construing § 1692g(a)(1) is *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC,* 214 F.3d 872 (7th Cir. 2000). In that case, the debt collector sent a letter to the debtor stating that the "unpaid principal balance" of the loan was $178,844.65, but that

> this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your

---

[2] Plaintiff also argues that the Letters violated sections 1692e and 1692g by failing to state that he could be liable for attorney fees expended in attempting to collect the Debt. The court has its doubts whether this violated either section of the FDCPA. *See Veach v. Sheeks,* 316 F.3d 690, 693 (7th Cir. 2003) (since a consumer cannot be held liable for attorney fees *until* there has been a judgment by a court, potential liability for attorney fees is not a part of the "amount of the debt"). However, because the court finds *infra* that Defendant's failure to disclose the accrual of interest alone is sufficient to establish a violation of the FDCPA, the court need not address this argument.

loan changes daily.  You may call our office for complete reinstatement and payoff figures.

*Id.* at 875.

The Seventh Circuit concluded that the letter did not comply with the FDCPA because "[t]he unpaid principal balance is not the debt; it is only part of the debt; the Act requires statement of the debt." *Id.*  The Seventh Circuit held that the debt collector instead must state the total amount due, including interest and other charges as well as the principal due, on the date the letter is sent.  *Id.*  The court went on to fashion the following "safe harbor" formula, which in its estimation would discharge a debt collector's duty to state the amount of the debt:

> As of the date of this letter, you owe $____ [the exact amount due].  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write the undersigned or call 1-800-[phone number].

*Id.* at 876.

*Miller* is not on point here as the Letters do not state only the unpaid principal balance of the Debt.  Instead, the Letters state the "Total Due" on the Debt, and it is undisputed that amount includes any interest accrued up through the date the Letters were sent.  Further, while the safe harbor language fashioned in *Miller* explicitly deals with the accrual of interest, the *Miller* court stated "we do not hold that a debt collector *must* use this form of words to avoid violating the statute."[3]  *Id*. (emphasis in original).

The precise question here is whether Defendant was required to disclose the effective date of the "Total Due" and that the amount of the Debt would increase due to interest.  This

---

[3] Even if *Miller* were on point, it is not binding authority that this court must follow.

9

question has produced conflicting judicial opinions. A number of decisions have held that a validation letter violates the FDCPA unless it states the total amount due as of the date the letter is sent and also discloses whether the amount of the debt will increase due to interest. *See Dragon v. I.C. Sys., Inc.,* 483 F. Supp. 2d 198, 203 (D. Conn. 2007); *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 397-98 (D. Conn. 2010); *Marucci v. Cawley & Bergmann, LLP,* --- F. Supp. 3d ----, 2014 WL 7140496, at *5-7 (D.N.J. Dec. 15, 2014); *Smith v. Lyons, Dought, & Veldhuius, P.C.,* No. 07-5139, 2008 WL 28885887, at *6 (D.N.J. July 23, 2008); *Ivy v. Nations Recovery Ctr., Inc.,* No. 2:12-cv-037, 2012 WL 2049387, at *1-2 (E.D. Tenn. June 6, 2012); *Stonecypher v. Finkelstein Kern Steinberg & Cunningham,* No. 2:11 cv-13, 2011 WL 3489685, at *5 (E.D. Tenn. Aug. 9, 2011); *Jackson v. Aman Collection Serv. Inc.,* No. IP 01-01000-C-T/K, 2001 WL 1708829, at *3 (S.D. Ind. Dec. 14, 2001).

Other courts, however, have taken the opposite position that section 1692g(a)(1)'s "amount of the debt" provision does not imply an obligation to disclose that interest is accruing—instead, these cases hold that the FDCPA only requires that a validation letter state the total amount of the debt (including accrued interest and any other charges) as of the date the letter is sent. *See, e.g., Bodine v. First Nat. Collection Bureau, Inc.,* No. CIV.A. 10-2472 MLC, 2010 WL 5149847, at *2 (D.N.J. Dec. 13, 2010); *Adlam v. FMS, Inc.,* No. 09 Civ. 9129(SAS), 2010 WL 1328958, at *3 (S.D.N.Y. Apr. 5, 2010); *Pifko v. CCB Credit Servs., Inc.,* No. 09-CV-03057 (JS)(WDW), 2010 WL 2771832, at *3-4 (E.D.N.Y. July 7, 2010); *Avila v. Riexinger & Assocs., LLC,* No. 13 CV 4349(RJD)(LB), 2015 WL 1731542, at *7 (E.D.N.Y Apr. 15, 2015); *Schaefer v. ARM Receivable Mgmt., Inc.,* No. 09-11666-DJC, 2011 WL 2847768, at *5 (D. Mass. July 19, 2011). The Tenth Circuit has not specified the precise information a debt

collector must set forth to satisfy section 1692g(a)(1)'s requirement to state the "amount of the debt."

The court is reluctant to lay down a bright-line rule that section 1692g(a)(2) requires a debt collector seeking to collect an interest-accruing debt to affirmatively disclose that the debt may increase due to interest or other charges. However, under the specific facts of this case, the court finds that Defendant's failure to do so was misleading in violation of section 1692e. More specifically, Defendant does not dispute that the original creditor on the accounts comprising the Debt never collected or attempted to collect interest from Plaintiff. Thus, Plaintiff had no prior notice that the amount of the Debt was likely to change due to accruing interest.

As such, this case is distinguishable from nearly all of the cases finding that the FDCPA does not impose a duty to inform the consumer that the debt is accruing interest. In those decisions, including the cases cited by Defendant, the debt at issue was credit card debt; thus, those courts distinguished the line of cases finding an affirmative duty to disclose the accrual of interest because "even the most unsophisticated consumer would understand that credit card debt accrues interest." *See, e.g., Weiss v. Zwicker & Assocs., P.C.,* 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009); *Avila,* 2015 WL 1731542, at *6; *Schaefer,* 2011 WL 2847768, at *5; *Pifko,* 2010 WL 2771832, at *3; *Adlam*, 2010 WL 1328958, at *3.

Moreover, the Letters framed the amount of the Debt as "Total[s] Due," rather than "outstanding balance" or "current balance." Further, the "Total[s] Due" did not have an "as of" date, which might have signaled to Plaintiff that the Debt would increase if not paid in full within a certain amount of time. Accordingly, under the circumstances, the least sophisticated consumer, who is both gullible and naïve, might have believed that he could pay the debt in full

11

by remitting the "Total Due[s]" in the Letters at any time after he received that letter.  *Smith,* 2008 WL 2885887, at *6; *Dragon,* 483 F. Supp. 2d at 203.  Such a belief would be incorrect because the total amount of the debt was subject to periodic adjustment by Defendant due to the accrual of interest.

Accordingly, for the reasons stated above, the court finds the undisputed facts show that the Letters violated Section 1692e as a matter of law by failing to state that the Debt was accruing interest.  Therefore, the court finds that Plaintiff is entitled to summary judgment on the question of liability only.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff's Motion for Partial Summary Judgment as to liability (Doc. No. 13) is GRANTED.  It is further

ORDERED that the parties' proposed Final Pretrial Order, which is due to be filed on May 7, 2015, shall advise the court whether a trial on the issue of damages will be necessary.  If either party believes that a trial is necessary, the proposed Final Pretrial Order shall be catered to a trial on the issue of damages only.

Dated this 5th day of May, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge