IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01888–KMT

THOMAS GILL,

    Plaintiff,

v.

CREDIT BUREAU OF CARBON COUNTY d/b/a COLLECTIONCENTER, INC.,

    Defendant.

---

## ORDER

---

This matter is before the court on Defendant's "Motion to Reconsider Order Granting Partial Summary Judgment." (Doc. No. 36 ["Mot."], filed June 2, 2015), to which Plaintiff has responded. (Doc. No. 41 ["Resp."], filed June 26, 2015.)

### BACKGROUND

Plaintiff brought this action under the Federal Debt Collection Practices Act ("FDCPA"). It arose out of a debt incurred by Plaintiff with the Poudre Valley Hospital ("PVH") that PVH assigned to Defendant for collection. (Doc. No. 30 ["Order"] at 2.) Prior to assigning the debt, PVH did not attempt to collect any interest. (*Id.*) Upon being assigned the debt, however, Defendant began charging interest. (*Id.*)

Defendant sent Plaintiff two letters attempting to the collect the debt. (*Id.*) Each letter indicated the "Total Due" and specified corresponding amounts, which included interest. (*Id.*)

However, the letters did not in any way indicate that the totals included accrued interest or that the underlying balances would continue to accrue the same. (*Id.*) Ultimately, Defendant filed a state court action and obtained a default judgment against Plaintiff for an amount including accrued interest. (*Id.* at 2-3.)

In the present action, Plaintiff filed a Motion for Partial Summary Judgment limited solely to the question of liability. Plaintiff argued that the letters constituted a violation of the FDCPA because they were misleading regarding the amount of debt owed. (Doc. No. 13.) Both parties thoroughly briefed their respective arguments, including lengthy discussion on the current law related to whether and to what extent a creditor had to indicate that interest had and was continuing to accrue on the subject debt. (Doc. Nos. 13, 17 & 29.)

The court granted Plaintiff's Motion for Partial Summary Judgment, finding that Defendant had violated the FDCPA because the letters were misleading, in violation of 15 U.S.C. §1692e. (Order at 11-12.) Specifically, the court found that almost the entirety of the case law upon which Defendant had relied in arguing that it had no duty to inform Plaintiff interest had and was accruing was based upon credit card debt and most courts agreed that "even the most unsophisticated consumer would understand that credit card debt accrues interest." (*Id.* at 11.) In this case, the original creditor had not charged interest and Defendant's letters stated only "Total Due," giving no indication that it was charging interest or that the debt would increase in the future. (*Id.* at 11-12)

## ANALYSIS

Defendant now requests the court reconsider its previous order, pursuant to Fed. R. Civ. P. 59(e). "The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present

newly discovered evidence." *Cory v. City of Basehor*, __ F. App'x __, 2015 WL 7003364, at *3 n.2 (10th Cir. Nov. 12, 2015) (quoting *Monge v. RG Petro–Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012). "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* A motion for reconsideration is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, Defendant fails to assert any of the grounds warranting a motion to reconsider. The argument set forth in Defendant's motion is based entirely upon the application of Colo. Rev. Stat. § 5-12-102 to Plaintiff's FDCPA claim. (Mot. at 2-5.) However, as Plaintiff noted in his response, the legislature has not amended that statute since 1984. (Resp. at 3.) Thus, any argument based on the same was clearly available to Defendant during the court's initial consideration of Plaintiff's request for partial summary judgment. Defendant's motion does not present any evidence or argument that there has been a change in the controlling law, nor does it identify a specific error in the court's prior ruling. *Servants of Paraclete*, 204 F.3d at 1012. Thus, Defendant has not demonstrated an entitlement to relief under Rule 59(e).

Accordingly, it is

**ORDERED** that Defendant's "Motion to Reconsider Order Granting Partial Summary Judgment" is **DENIED.**

Dated this 1st day of March, 2016.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge